**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MERCHANTS AND FARMERS BANK**                                                          **PLAINTIFF**

**VS.**                                                                                       **CIVIL ACTION NO. 1:09CV11**

**MARQUETTE EQUIPMENT FINANCE, LLC**                                         **DEFENDANT**


**ORDER**

This cause comes before the court on the motion of defendant Marquette Equipment Finance, LLC ("Marquette"), pursuant to 28 U.S.C. § 1404, to transfer venue in this action to the United States District Court for the District of Utah. Plaintiff Merchants and Farmers Bank ("M&F") has responded in opposition to the motion, and the court, having considered the parties' submissions, concludes that the motion is well taken and should be granted.

On October 2, 2003, M&F entered into a written agreement with Marquette's predecessor-in-interest Applied Financial, LLC to lease computer equipment and software for use at M&F's office in Attala County, Mississippi. A dispute later arose between the parties regarding the exercise of an option under the lease, and M&F brought a declaratory judgment action which was removed to this court on January 20, 2009. Marquette presently seeks transfer of this action to the District of Utah based upon a forum selection clause in the lease which provides as follows:

> (d) Governing Law; Waiver of Trial by Jury. THIS LEASE SHALL IN ALL
> RESPECTS BE GOVERNED BY AND CONSTRUED IN ACCORDANCE
> WITH THE LAWS OF THE STATE OF UTAH, INCLUDING ALL MATTERS
> OF CONSTRUCTION, VALIDITY AND PERFORMANCE. LESSEE AGREES
> TO SUBMIT TO THE JURISDICTION OF THE STATE AND/OR FEDERAL
> COURTS IN THE STATE OF UTAH IN ALL MATTERS RELATING TO THE

> LEASE, THE PROPERTY AND THE CONDUCT OF THE RELATIONSHIP
> BETWEEN LESSOR AND LESSEE. THIS LEASE WAS EXECUTED IN THE
> STATE OF UTAH (BY THE LESSOR HAVING COUNTERSIGNED IT IN
> UTAH) AND IS TO BE PERFORMED IN THE STATE OF UTAH (BY
> REASON OF ONE OR MORE PAYMENTS REQUIRED TO BE MADE TO
> LESSOR IN UTAH). LESSOR AND LESSEE HEREBY WAIVE THE RIGHT
> TO TRIAL BY JURY OF ANY MATTERS ARISING OUT OF THE LEASE OR
> PROPERTY OR THE CONDUCT OF THE RELATIONSHIP BETWEEN
> LESSOR AND LESSEE.

Marquette argues that this clause provides for exclusive venue in a Utah district court, but, for the reasons discussed below, this court does not agree.

Motions to transfer venue are to be considered under 28 U.S.C. § 1404(a). When considering such a motion in a case involving a forum selection clause, the U.S. Supreme Court's decision in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23, 108 S.Ct. 2239 (1988) instructs that:

> A motion to transfer under § 1404(a) calls on the district court to weigh in the balance a number of case-specific factors, and the presence of a forum-selection clause will figure centrally in the calculus. A forum-selection clause should receive neither dispositive consideration nor no consideration, but rather the consideration for which Congress provided in § 1404(a).

It is thus apparent that the existence of a forum selection clause is merely one factor for the court to consider under § 1404(a). For whatever reason, both parties to this motion have largely limited their briefing to arguments regarding whether the forum selection clause is "exclusive," with little attention given to other § 1404(a) factors, such as those set forth by the Fifth Circuit in *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008). Under *Volkswagen*, the relevant private interest factors for a district court to consider are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses;

2

(3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of America, Inc.*, 545 F.3d at 315.

For its part, plaintiff does note that venue is proper in Mississippi under 28 U.S.C. § 1391(a), which provides in pertinent part that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

Clearly, a "substantial part of the property that is the subject of the action" is located at M&F's office in Attala County, and it is likewise apparent that a "substantial part of the events or omissions giving rise to the claim occurred" in the Northern District. The court therefore agrees with plaintiff that venue in this action properly lies in Mississippi, but proper venue also lies in Utah, since, as noted previously, the forum selection clause provides that:

> THIS LEASE WAS EXECUTED IN THE STATE OF UTAH (BY THE
> LESSOR HAVING COUNTERSIGNED IT IN UTAH) AND IS TO BE
> PERFORMED IN THE STATE OF UTAH (BY REASON OF ONE OR MORE
> PAYMENTS REQUIRED TO BE MADE TO LESSOR IN UTAH).

It is thus apparent that venue is proper in both Mississippi and Utah, but this does not resolve the issue of whether transfer to Utah is appropriate under § 1404(a).

Given that the parties have fully briefed the issue, the court will concentrate for now on

the issue of whether the forum selection clause in this case mandates transfer to Utah. A review of authority makes it clear that the an important issue in this context is whether the forum selection in this case is "exclusive" or not. The Fifth Circuit has explained that:

> A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive. It is important to distinguish between jurisdiction and venue when interpreting such clauses. Although it is not necessary for such a clause to use the word "venue" or "forum," it must do more than establish that one forum will have jurisdiction.

*City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004), *citing Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir.1974). Based upon this authority, the court agrees with plaintiff that the forum selection clause at issue here is not exclusive, since it merely provides that the parties agree to submit to the jurisdiction of Utah without precluding the exercise of jurisdiction by courts in other states.

The court's conclusion that the forum selection clause in this case is non-exclusive is strengthened by persuasive authority from other district courts interpreting forum selection clauses identical to the one here. In *United Fire & Cas. Co. v. Applied Financial, Inc.*, 397 F.Supp.2d 1086, 1095 (N.D. Iowa 2005), an Iowa district court, in denying Applied Financial's motion to transfer to Utah based upon the forum selection clause at issue here, wrote as follows:

> Although the forum-selection clause states that United Fire consented to the jurisdiction of the courts of Utah "in all matters relating to the lease," it does not say that suits must be brought in Utah or that Utah was the exclusive forum for all matters regarding the lease. Consequently, there is no strong presumption in favor of vesting jurisdiction only in Utah.

*Applied Financial, Inc.*, 397 F.Supp.2d at 1095. In transferring a related lawsuit to Iowa, a Utah

4

district court observed that the Iowa court had already concluded that "the language in the forum selection clause is permissive, rather than mandatory, and the reasoning appears correct to this court." *Applied Financial, LLC v. United Fire and Cas. Co.*, No. 2:05-CV-00458 (C.D. Utah Nov. 3, 2005). *See also Idaho Supreme Potatoes, Inc. v. Applied Financial, LLC*, 2006 WL 3365784 (D. Idaho 2006).

It is thus apparent that district courts have uniformly held that the forum selection clause at issue here is not exclusive, and this court agrees with their conclusion in this regard. This does not resolve the issue of whether transfer is appropriate, however. The fact that this court is not *required* to transfer this case to Utah does not mean that it should not exercise its discretion to do so. While the sparse briefing on the § 1404(a) factors makes a resolution of this issue difficult, this court tends to agree with the Iowa district judge's observation in *United Fire* that:

> The court finds the totality of the circumstances does not weigh either for or against transfer. The figurative scales of justice are evenly balanced. For example, just as it is undoubtedly true that it would be more convenient for Applied Financial and its witnesses to have this case tried in Utah, it would be equally more convenient for United Fire and its witnesses to have it tried here in Iowa. "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue."

*United Fire*, 397 F.Supp.2d at 1096. In this case, either party would have presumably produced compelling § 1404(a) arguments if they had them, and it thus appears that, as in *United Fire*, the § 1404 "convenience" factors do not weigh heavily in favor of either party.

While this court therefore agrees with the Iowa court that the § 1404(a) convenience factors do not strongly favor either side, it does reach a differing conclusion regarding the ultimate result in this case. Defendant has produced a forum selection clause which, while not

5

exclusive, clearly obligates plaintiff "to submit to the jurisdiction of the state and/or federal courts in the State of Utah in all matters relating to the Lease." While this clause does not rise to the level of being "exclusive," it does appear to be a fairly robust forum selection clause which, in the absence of any other compelling § 1404(a) factors, makes Utah the better venue to try this case. Moreover, this case involves important issues of law, and it is clear that Utah courts are in a better position than this court to interpret and apply the law of that state, quite apart from any forum selection clause issues. The court would also note that the Supreme Court emphasized in *Stewart* that "[a] motion to transfer under § 1404(a) calls on the district court to weigh in the balance a number of case-specific factors, *and the presence of a forum-selection clause will figure centrally in the calculus*." *Stewart*, 487 U.S. at 23. As in *United Fire*, it does not appear that the remaining § 1404(a) factors favor either party, and, as such, the court will enforce the parties' intent to "submit to the jurisdiction of the state and/or federal courts in the State of Utah" as expressed in the lease agreement which they signed.

It is therefore ordered that defendant's motion to transfer this action to the District of Utah is granted.

SO ORDERED, this 27th day of August, 2009.

                                              **/s/ MICHAEL P. MILLS**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**